ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT -9 PM 3 09

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LEE DIXON SCOTT, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-056 |
| | ) |
| DAVID FRAZIER, Warden; and | ) |
| CAPTAIN SPIRES, CERT Team, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia.[1] Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] Plaintiff originally filed this case in the Northern District of Georgia, but upon dismissal of the State of Georgia as a defendant, the case was transferred to the Middle District of Georgia. See Scott v. State of Georgia, 1:12-cv-3967 (N.D. Ga. Nov. 13, 2012) and Scott v. Frazier, 5:13-cv-191-CAR-CHW (M.D. Ga. May 30, 2013). When the case was transferred to this District, the Court, on August 30, 2013, directed Plaintiff to submit his claims on the standard form used by incarcerated litigants in the Southern District of Georgia and warned Plaintiff that his re-submitted complaint would supersede and replace in its entirety the prior versions of his complaint that had been submitted in the Northern and Middle Districts. (Doc. no. 29, p. 2.)

granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). After a review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the form complaint utilized by this Court requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[3] (Doc. no. 30, pp. 1-3.) Under penalty of perjury, Plaintiff stated that he had only filed two previous cases: (1) Scott v. Norcross Police Dep't, 1:12-cv-3593-SCJ (N.D. Ga. Oct. 12, 2012), and (2) Scott v. State of Georgia, 1:12-cv-3967 (N.D. Ga. Nov. 13, 2012).[4] (Id. at 2-3.) However, the Court is aware of at least two other cases that Plaintiff previously filed in federal court prior to the submission of his amended complaint on the standard form used by incarcerated litigants in the Southern District of Georgia: (1) Scott v. Lents, 5:13-cv-226 (MTT) (M.D. Ga. June 24, 2013), and (2) Scott v. Conway, 1:12-cv-3582-SCJ (N.D. Ga. Oct. 12, 2012). Moreover, Plaintiff failed to disclose, as required by the complaint form (doc. no. 30, p. 3, ¶ I.C), that he had been allowed to proceed IFP in two cases in which the complaints were dismissed for failure to state a claim: (1) Conway, doc. no. 10 (entered Feb. 22, 2013), and (2) Norcross Police Dep't, doc. no. 8 (entered Feb. 21, 2013).[5] Thus, Plaintiff

---

[3] Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 30, p. 2.)

[4] This second case is actually the instant case, as it was initially filed in the Northern District. As explained previously, this case was transferred from the Northern to the Middle District of Georgia before ultimately being transferred to this District.

[5] Plaintiff did disclose that this second case had been "dismissed," but he did not indicate that it had been dismissed for failure to state a claim. (Doc. no. 30, pp. 2-3.) Thus, he failed to disclose that he had accumulated a "strike" under the three strikes provision of the PLRA.

3

provided false information about his prior filing history on his complaint form.

The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia, as well as the Eleventh Circuit. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*); Harris v. Warden, 498 F. App'x 962, 963-65 (11th Cir. 2012) (*per curiam*); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (*per curiam*); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (*per curiam*). Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction.[6]

SO REPORTED and RECOMMENDED this 9th day of October, 2013, at Augusta, Georgia.

                                                                BRIAN K. EPPS
                                                           UNITED STATES MAGISTRATE JUDGE

---

[6] Because the Court is recommending dismissal of this case, the motion for appointment of counsel that was based on Plaintiff's stated inability to litigate his case through a trial should be **DENIED AS MOOT**. (Doc. no. 31.)

4