ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DIST. COURT
2013 OCT 31  P 4: 14
CLERK _____

| | |
|---|---|
| LEE DIXON SCOTT, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-056 |
| | ) |
| DAVID FRAZIER, Warden; and | ) |
| CAPTAIN SPIRES, CERT Team, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 34).[1] The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury, specifically by failing to disclose two prior cases that he had filed in federal court and by failing to disclose that he had been allowed to proceed *in forma pauperis* in two cases that had been dismissed for failure to state a claim. (Doc. no. 32, pp. 3-4.) As a result, the Magistrate Judge recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Id. at 4.)

In his combination of objections and a motion to amend, Plaintiff does not dispute the Magistrate Judge's finding that he provided false information about his filing history, but

---

[1] While Plaintiff titled his filing as a "Motion for Amended Complaint" and it was entered on the docket as such, he also takes issue with the Magistrate Judge's finding in the R&R that this case should be dismissed. The Court thus liberally construes the motion as containing Plaintiff's objections to the R&R.

he asks forgiveness for his error of providing incorrect information. (See generally doc. no. 34.) Plaintiff also admits that he filed the two prior cases identified by the Magistrate Judge that he failed to disclose on his complaint form, but he apparently intends to correct his error by "amending" the complaint to now acknowledge these cases.

The Court is aware that under Fed. R. Civ. P. 15(a), Plaintiff is allowed to amend his pleading once, as a matter of course, before a responsive pleading is served. However, "allowing Plaintiff to amend his complaint to include the cases cited in the R & R at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008). Put another way, to allow Plaintiff to now "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (*per curiam*) (rejecting abuse of discretion argument where district court dismissed complaint without prejudice as a sanction for abuse of the judicial process "without allowing [the plaintiff] 'to correct' his failure to disclose his prior litigation history"); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (*per curiam*) (same).

As the Magistrate Judge explained, the Eleventh Circuit has repeatedly indicated its approval of dismissing a case based on dishonesty in a complaint. (See doc. no. 32, p. 4 (collecting cases)); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by*, Jones v. Bock, 549 U.S. 199 (2007). The Court finds no reason to depart from that well-established practice. Plaintiff's motion to amend is thus **DENIED**, and

2

his objections are **OVERRULED**.  (Doc. no. 34.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  Therefore, this case is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and this civil action is **CLOSED**.

SO ORDERED this 31st day of Oct., 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE